UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| CHRISTOPHER HINOJOSA, on behalf of himself and all others similarly situated, § § § § | |
| *Plaintiff* § | CASE NUMBER: _____ |
| § v. § § | |
| MERCHANTS AND PROFESSIONAL BUREAU, INC. § § § § | **DEMAND FOR JURY TRIAL** |
| *Defendant*. § | |

## PLAINTFF'S ORIGINAL CLASS COMPLAINT

1. Plaintiff CHRISTOPHER HINOJOSA ("Plaintiff"), on behalf of himself and all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the Texas Debt Collection Act, Tex. Fin. Code § 392, et seq. ("TDCA") to obtain statutory damages, and other relief.

2. Defendant MERCHANTS AND PROFESSIONAL COLLECTION BUREAU ("Merchants") attempted to collect a consumer debt ("Debt") allegedly owed by Plaintiff, arising from a purported obligation on an Austin Regional Clinic medical account. The obligation ("Debt") required Plaintiff to pay money arising out of a transaction in which money, property, insurance, or services were the subject thereof, and the same were primarily for personal, family, or household purposes.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337(a), and pursuant to 15 U.S.C. 1692k(d).

4. Supplemental jurisdiction for Plaintiff's state law claims arises under 28 U.S.C. § 1367.

5. Venue is proper in the United States District Court for the Western District of Texas, Austin Division, because the acts and transactions occurred in this district and because the Defendant transacts business in this district.

## STANDING

6. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

7. Specifically, Plaintiff suffered a concrete informational injury as a result of Defendant's failure to provide truthful information in connection with attempt to collect an alleged debt from Plaintiff.

## THE PARTIES

8. Plaintiff, Christopher Hinojosa, is an individual who resides in Hays County, Texas.

9. Plaintiff is a "consumer" as defined by the FDCPA and the TDCA.

10. The debt is a "debt" as defined by the FDCPA and TDCA.

11. Defendant, Merchants and Professional Bureau, Inc., is a Texas corporation with its principal place of business at 5508 Parkcrest Drive, Suite 210, Austin, TX 78731. Defendant can be served via its registered agent, PAMELA WINSLETT, at 5508 PARKCREST DRIVE, SUITE 210 AUSTIN, TX 78731.

12. Defendant Merchants is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

13. Defendant Merchants is a third-party debt collector as that term is defined in the TDCA, and a debt collector as that term as defined by the FDCPA and TDCA.

**FACTUAL ALLEGATIONS**

14. Plaintiff allegedly incurred an alleged debt for goods and services used for personal family or household purposes, originally for a Austin Regional Clinic medical account (the "alleged debt"), known by Merchants account number 3639261. The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

15. The last payment on the alleged debt was made on or about July 2012.

16. The statute of limitations on the alleged debt thus expired on or about July 2016.

17. On or about July 2018, Plaintiff pulled a copy of his credit reports and noticed that Defendant was reporting derogatory information about him pertaining to the alleged debt.

18. Plaintiff could not remember the alleged debt, and suspected that the alleged amount due was incorrect even if he owed the alleged debt.

19. On or about August 2, 2018, Hinojosa sent MPCB a letter stating that he disputed the alleged debt pursuant to TDCA § 392.202, which requires debt collectors to conduct an investigation in response to a consumer dispute, and furnish a written response to the consumer within 30 days of receiving his dispute.

20. MPCB responded to Hinjosa's dispute with a template-derived form letter, dated August 24, 2018, that stated, in relevant part, "The balance is due in full. Please remit payment to our office… We have verified with our client that this balance is valid and owed… We deny the account is reported inaccurately." (the "form letter response")

21. However, as of August 24, 2018, the statute of limitations on the alleged debt had expired well over two years prior.

22. As of August 24, 2018, Merchants knew that the statute of limitations on the alleged debt had expired.

23. Merchants did not perform an investigation into the account upon receiving Hinojosa's dispute.

24. It is Merchants' business practice not to perform investigations into consumer disputes of time-barred debts such as the one at issue.

25. Rather than conduct an investigation as required by the TDCA, Merchants simply responded to Hinojosa's dispute by mailing him the form letter response demanding payment.

26. The form letter response neglects to disclose two material facts – one, that the statute of limitations had expired on the alleged debt, and two, that if Plaintiff made a payment on the alleged debt, that it would <u>restart</u> the statute of limitations on the alleged debt, thereby enabling Defendant to sue to recover the alleged debt – a remedy that would otherwise be barred.

27. It is Merchants' business practice to respond to consumer disputes on time-barred debts such as the one at issue by mailing a form letter response that fails to disclose that the alleged debt is time-barred and that if the consumer makes a payment, the statute of limitations will restart.

28. A debt collection letter that does not inform the consumer that judicial enforcement of the debt is time-barred, or that any partial payment on the debt could defeat the otherwise absolute defense of the statute of limitations, is a "false representation of the character, amount, or legal status of any debt" under 15 U.S.C. § 1692e(2)(A) and the use of a "false representation … to collect or attempt to collect any debt" under 15 U.S.C. § 1692e(10). *Manuel v. Merchants and Professional Credit Bureau*, Case 1:18-cv-00226-DAE Dkt. # 35, p. 22 (W.D. Tex. 2019).

29. Merchants' unfair, and unreasonable debt collection practices, as described herein, are designed to hide from the recipients of its form letters that the debts in question are time-barred, and to thereby trick consumers into restarting the statute of limitations on their debts.

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA"), 15. U.S.C. § 1692 *et seq*.

30. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

31. Merchants violated the FDCPA § 1692e(2)(A) by falsely representing the status, amount, and character of the alleged debt in its form letter response, as described herein.

32. Merchants violated the FDCPA § 1692e(10) by using a false representation in the form letter response, in an attempt collect the alleged debt, as described herein.

33. Merchants violated the FDCPA § 1692f by using an unfair means to collect the alleged debt, as described herein.

## COUNT II

## VIOLATION OF THE TEXAS DEBT COLLECTION ACT ("TDCA"), TEX. FIN. CODE § 392 *et seq*.

34. Hinojosa incorporates the preceding paragraphs as if set forth at length.

35. Merchants violated the TDCA §392.202 failing to conduct a legitimate investigation into the alleged debt upon receipt of Hinojosa's dispute letter.

36. Merchants violated the TDCA § 392.304(19) by using a false representation in its form response letter as a means to collect the alleged debt, as described herein.

# CLASS ALLEGATIONS

37. Plaintiff, Christopher Hinojosa, brings this action individually and as a class action on behalf of all consumers similarly situated in the State of Texas from whom Defendant attempted to collect a time-barred debt, which Defendant then disputed, and to which dispute Defendant responded by mailing a form-letter response that intentionally failed to disclose 1) that the alleged debt was time-barred; and 2) that if the consumer made a payment on the alleged debt, the statute of limitations would restart.

38. As Exhibit B is a form letter sent out to many consumers, the Class consists of potentially hundreds of consumers from whom Defendant attempted to collect a debt, the consumer disputed the debt with Defendant, and to which dispute the Defendant responded with the form letter in Exhibit B.

39. Plaintiff Hinojosa's claims are typical of the claims of each Class, as they are all based on the same form collection letter. Common questions of law or fact raised by this class action complaint affect all members of each Class and predominate over any individual issues because at issue is the fact that Merchants always responds to consumer disputes of time-barred debts with the identical false claims, as contained in the form response letter at issue. Common relief is therefore sought on behalf of all members of each Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

40. The prosecution of separate actions by individual members of each Class would create a risk of inconsistent or varying adjudications with respect to the individual members of each Class, and a risk that any adjudications with respect to individual members of each Class would, as a practical matter, either be dispositive of the interests of other members of each Class

not party to the adjudication, or substantially impair or impede their ability to protect their interests.

41. Plaintiff Hinojosa will fairly and adequately protect and represent the interests of each Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of each Class and will be established by common proof. Moreover, Plaintiff Hinojosa has retained counsel experienced in FDCPA and TDCA cases, including class action matters.

42.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in Plaintiff's favor and against Defendant as follows:

A. Statutory damages in favor of all class members pursuant to 15 U.S.C. § 1692k(a)(2);

B. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

C. Statutory damages in favor of all class members pursuant to Tex. Fin. Code § 392.403(e);

D. Award injunctive relief to restrain further violations of the FDCPA and TDCA by Defendant;

E. Costs and reasonable attorney fees pursuant to Tex. Fin. Code § 392.403(b);

F. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,


/s/ Robert Zimmer
**Robert Zimmer**
State Bar No. 24098662

**Zimmer & Associates**
707 West Tenth Street
Austin, Texas 78701
Phone: (512) 434-0306
FAX: (310) 943-6954
zimmerlawTX@gmail.com

**ATTORNEYS FOR PLAINTIFF,
CHRISTOPHER HINOJOSA**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER HINOJOSA, on behalf of himself and all others similarly situated, § § § § | | |
| *Plaintiff* § | CASE NUMBER: | 19-cv-835 |
| § v. § | | |
| MERCHANTS AND PROFESSIONAL BUREAU, INC. § § § § | **DEMAND FOR JURY TRIAL** | |
| *Defendant.* § | | |

## **NOTICE OF CONSENT**

I, Christopher Hinojosa, consent to be a party plaintiff in this action to enforce the Fair Debt Collection Practices Act and the Texas Debt Collection Act.

_____
Christopher Hinojosa

August 22, 2019
Date